UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 4:17-cv-00259-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 14, 18 |

Plaintiff Tom Bennett seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On August 31, 2012, Plaintiff Tom Bennett filed an application for Title XVI Supplemental Security Income ("SSI") Benefits, alleging a disability onset date of June 1, 2012. Administrative Record ("AR") 16, 57, 162. Plaintiff's claim was initially denied on Deember 18, 2012, and Plaintiff's Request for Reconsideration was denied on November 8, 2013. AR 16, 79-83, 88-92. A hearing was held before Administrative Law Judge Nancy Lisewski on March 9, 2015. AR 16-23. In his pre-hearing brief, Plaintiff wished to amend his alleged disability onset date to December 31, 2008. AR 16, 300. SSI benefits, however, are not payable prior to the month following the month in which the application was filed, so the ALJ considered whether Plaintiff was under a disability within the meaning of the Social Security Act from the date the application

was filed. AR 16 (citing 20 C.F.R. § 416.335).

Plaintiff is forty-six years old and lives with his sister and one minor son. AR 33, 58. Plaintiff has not been engaged in substantial gainful activity since August 31, 2012. AR 18. Plaintiff alleges disability due to post-traumatic stress disorder, anxiety and panic attacks, an esophagus problem, and lower back pain. AR 19, 213. At the hearing, Plaintiff testified that he stopped working in 2003 due to drug addiction issues, but that he has been sober since October 31, 2005. *See* AR 42-43.

Between 2010 and 2015, Plaintiff was treated at Kaiser for various physical conditions. During these physical examinations, Plaintiff was noted to be psychiatrically "normal" and alert and oriented as to person, place, and time. AR 331, 342, 353, 361, 363, 369, 372, 375, 377, 388, 390, 392, 399, 403, 407, 411, 415, 489, 504, 530, 558, 583, 589, 614, 629.

Plaintiff attended weekly therapy sessions with Ellen S. Ayers, L.C.S.W. beginning on November 6, 2010. AR 485. In December 2012, January 2013, and March 2015, respectively, Ms. Ayers authored three letters concerning Plaintiff mental functioning. AR 483, 485, 651-52. Ms. Ayers provided that Plaintiff was diagnosed with post-traumatic stress disorder and had frequent flashbacks, panic attacks, sleep disturbance, detached feelings, intense distress, and extreme hypervigilance. *See ids.* She also said that Plaintiff had "lower functioning in the workplace and relationships," struggled with concentration, and had difficulty in social interaction resulting in isolation. *See ids.* At the hearing, Ms. Ayers testified that Plaintiff's ability to concentrate and persist at work-like things was "significantly impaired," and that his pain and anxiety caused him to be housebound and hyper-vigilant. AR 48-50.

Between January 2012 and November 2012, Plaintiff received mental health services at Pathways to Wellness after Ms. Ayers referred him for a medical evaluation after he was diagnosed with esophagitis (an allergic irritation/inflammation of the esophagus). AR 457-70, 652. Plaintiff subjectively reported having anxiety because he thought he was "going to die" every time he eats, but admittedly was not taking any anti-anxiety medication and was found to be psychiatrically stable without medication. AR 460-62, 464. On mental status examinations, Xing-Xing Luo, M.D. described Plaintiff as mildly anxious; alert and oriented as to person,

2

place, and time; cooperative and calm; having normal speech, euthymic mood, and appropriate affect; not having hallucinations; and displaying linear thought processes, intact memory, and fair attention, concentration, judgment and insight. AR 458-62, 467. Dr. Luo diagnosed Plaintiff with an adjustment disorder with mixed emotion, which was described as "mild," prescribed Hydroxyzine (an antihistamine used as a sedative to treat anxiety and tension) and assigned Plaintiff a Global Assessment of Functioning ("GAF") of 55 on his initial visit. AR 468. After the initial visit, Plaintiff was consistently assigned a GAF of 70, which is indicative of mild symptoms. AR 458, 460, 462, 468. Dr. Luo noted that Plaintiff declined to take the Hydroxyzine, which was prescribed to treat his anxiety. AR 468.

In December 2012, State agency psychologist Andres Kerns, Ph.D., reviewed Plaintiff's records in connection with his SSI disability application. AR 58-66. Dr. Kerns assessed Plaintiff with mild limitations in daily activities, social functioning, and concentration, persistence or pace, and opined that Plaintiff did not have a severe mental impairment. AR 64. In so finding, Dr. Kerns noted that Plaintiff was psychiatrically stable without medication, had good mental status examinations, and that Dr. Luo, who psychiatrically examined Plaintiff, assessed mild limitations. *Id.* Dr. Kerns further noted that Plaintiff had "parenting responsibilities," engaged in driving, shopping and managing his own finances, socialized and had no problems getting along with others. *Id.*

In November 2013, Patrice Solomon, Ph.D, a State agency psychologist, reviewed Plaintiff's updated records after Plaintiff requested reconsideration of his SSI application. AR 67-74. Dr. Solomon concurred with Dr. Kerns's opinion of non-severity. AR 72. In addition to concurring with the records review and interpretation that Dr. Kerns provided, Dr. Solomon's report noted that Plaintiff had ceased treatment at Pathways to Wellness on November 26, 2012. *Id.* She noted that the March 8, 2013 mental status examination performed at Kaiser had been within normal limits, showed that Plaintiff was alert and oriented as to person, place, and time, and that he had normal speech, appropriate affect, and linear thought process. *Id.* Dr. Solomon further noted that Plaintiff had been sober since 2005 and was caring for his five-year-old son. *Id.* She also noted that there was some evidence of anxiety related to swallowing difficulties,

3

but that Plaintiff did not require anti-anxiety medication. AR 72, 74. Dr. Solomon further reasoned that Ms. Ayers's opinion was based on Plaintiff's prior history of drug and alcohol abuse, but that Plaintiff had "substantially recovered from this period of life." AR 72. Dr. Solomon assessed Plaintiff with mild limitations in daily activities, social functioning, and concentration, persistence or pace, and determined that Plaintiff's mental impairment was non-severe. AR 74.

In a Function Report, dated November 18, 2012, Plaintiff reported that he was unable to focus, could not sleep, was in constant pain, was anxious, had nightmares, and was always in the hospital. AR 240-41. Plaintiff also stated that his daily activities included taking care of his young son and a family pet, preparing meals, and doing laundry and dishes. AR 241-42. He also shopped for food and clothes and managed his own finances. AR 243. At the hearing, Plaintiff testified that continued to care for his nine-year-old son, and was able to attend teacher conferences and back-to-school days. AR 33, 35-37, 43.

In an April 28, 2015 decision, the ALJ found that Plaintiff was not disabled. AR 16-23. On June 24, 2015, Plaintiff requested that the Appeals Council review the ALJ's decision. AR 7-12. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on December 6, 2016. AR 1-6. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

On June 9, 2017, Plaintiff filed his motion for summary judgment. (Pl.'s Mot., Dkt. No. 14.). On August 7, 2017, Defendant filed its opposition and cross-motion for summary judgment. (Def.'s Opp'n, Dkt. No. 18.) Plaintiff did not file a reply, so the motions are fully briefed.

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner in step five. *Id.* at 954.

### III. THE ALJ'S DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since August 31, 2012, the date of application. AR 18. At step two, the ALJ found that Plaintiff had the following determinable impairments: back pain related to lumbar degenerative disc disease, esophagitis, and anxiety. AR 18. The ALJ found, however, that Plaintiff does not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months, nor would he expect to, such that he does not have a severe impairment at step two. *Id.* Thus, Plaintiff is not disabled under the Social Security Act. AR 22.

### IV. DISCUSSION

Plaintiff argues that the case should be remanded for further proceedings on the grounds that the ALJ erred at step two in finding that Plaintiff's anxiety disorder was not severe. (Pl.'s Mot. at 5.) Specifically, Plaintiff argues that the ALJ erred in discounting the opinion of Ellen Ayers, L.C.S.W., who provided Plaintiff with weekly mental health treatment from November 6, 2010 to the date of the hearing (Pl.'s Mot. at 3; AR 42, 48.) The Court notes that Plaintiff does not dispute the ALJ's finding that his physical impairments were not severe nor does he challenge the ALJ's analysis and weighing of the other medical evidence, including the medical opinions of the State agency doctors, who found that Plaintiff did not have a severe mental impairment. (*See* Pl.'s Mot. at 5; Def.'s Opp'n at 5.) Thus, the Court will only address whether the ALJ properly discounted Ms. Ayers's opinion.

The opinions of treating medical sources may be rejected only for clear and convincing reasons if not contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the record contains conflicting medical evidence, the ALJ must make a credibility determination and resolve the conflict. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citations omitted).

As an initial matter, Ms. Ayers, as a clinical social worker, is not qualified to diagnose Plaintiff with PTSD, and her opinion is treated differently than treating medical sources. *See* 20 C.F.R. § 416.913(a)(3). Under the Code of Federal Regulations, the opinions of therapists and counselors are considered "other sources." 20 C.F.R. § 404.1513(d)(2), (3). Section 404.1513(d) provides that the SSA may "use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work." Although these opinions are entitled to some weight regarding the severity, they cannot establish the existence of a medically determinable impairment. *Huizar v. Comm'r of Soc. Sec.*, 428 F. App'x 678, 681 (9th Cir. 2011). The Ninth Circuit held that an ALJ may disregard the opinion of other sources if he gives "germane" reasons for doing so. *Wake v. Commissioner of Social Sec.*, 461 Fed. Appx. 608, 610 (9th Cir. 2011).

### A. Whether the ALJ provided a germane reason for discounting Ms. Ayers's opinion.

Plaintiff argues that the ALJ failed to give a germane reason to reject Ms. Ayers's opinion. (Pl.'s Mot. at 5-6.) The Code of Federal Regulation does not require that the social worker's opinion be substantiated by medical evidence. 20 C.F.R. § 416.913. While the C.F.R. prohibits a social worker's opinion to establish the existence of impairment, it allows them to provide relevant information regarding the severity of the impairment. *See id.* Even so, an ALJ can discredit a social worker's opinions if it is inconsistent with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

In opposition, Defendant contends that the germane reason the ALJ gave to discredit Ms. Ayers's opinion was that it contradicted the opinion of Dr. Solomon, whose opinion was assigned the greatest weight. (Def.'s Opp'n at 5.) Dr. Solomon's opinion relied heavily on the assessment and treatment notes from Pathways. AR 20, 72. The ALJ explained that she was assigning limited weight to Ms. Ayers's opinion, because Ms. Ayers disagreed with the assessment at Pathways, but "submitted no clinical or treatment notes to corroborate her assessment," and her diagnosis of PTSD "is not supported in the records from Pathways or Kaiser, although both indicate diagnoses of a more generalized anxiety disorder." AR 20. Indeed, Ms. Ayers, without elaboration, opined

7

that the GAF scores assigned by Dr. Luo at Pathways "inaccurately reflect higher functioning than was present during this or any period during the 4 years I have treated him." AR 652. Thus, if the only issue was the lack of corroborating evidence, the ALJ's discounting would not have been a germane reason to discredit Ms. Ayers's opinion. Instead, the ALJ noted that Ms. Ayers's opinion that Plaintiff's anxiety was severe, disagreed with the assessments performed at Pathways, where Plaintiff was assigned GAF scores from 55 (moderate) to 70 (mild). AR 20, 458. These scores, which were assigned while Plaintiff was attending weekly sessions with Ms. Ayers, indicate that Plaintiff was psychiatrically stable without medication during the time period that Ms. Ayers opined that he was severely disabled by his conditions. *See* AR 74, 458. In short, Ms. Ayers's opinion was contradicted by the other medical opinions and evidence, and there were no treatment notes or any other evidence from any sources that corroborated the severe limitations that only she noted. *See* AR 20. The ALJ also noted that Ms. Ayers diagnosed Plaintiff with PTSD, while the medical professionals permitted to make such a diagnosis found that Plaintiff had a more generalized anxiety disorder, the impact of which was non-severe. AR 20.

Moreover, even if Ms. Ayers was a treating physician, the ALJ's finding that Ms. Ayers's opinion was inconsistent with the overall treatment records was based on a reasonable interpretation of the record. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."); 20 C.F.R. § 416.927(d)(2) (The determination of whether an impairment or combination of impairments is severe at step two is reserved for the Commissioner, and one that is made after weighing the administrative record as a whole.)

Lastly, the ALJ found that Ms. Ayers's "comments about [Plaintiff's] functionality for the two years prior to the date she first saw him are pure speculation." AR 20. Plaintiff argues that this should not be grounds for discounting Ms. Ayers's opinion in light of four years of ongoing treatment. (Pl.'s Mot. at 6.) This argument is unavailing, particularly given that the medical records from the same time period indicate that Plaintiff did not require significant mental health treatment. (*See* Def.'s Mot. at 6 (citing AR 63-64, 72, 74). Dr. Solomon opined that the evidence from Ms. Ayers was likely more related to Plaintiff's past history of drug use, and that he had

8

substantially recovered from that history. AR 74.

Accordingly, the ALJ provided germane reasons to assign limited weight to Ms. Ayers's opinion, because it was not supported by any treatment notes or other substantial medical evidence in the record, and was contradicted by the medical opinion of Dr. Solomon, which was given the greatest weight, and the medical record as whole.

### B. Whether the Agency was obligated to obtain Ms. Ayers's clinical notes prior to discounting her opinion.

Plaintiff argues that the ALJ had an obligation to request Ms. Ayers's clinical notes or records, and the failure to do so is not an adequate reason to reject her opinion. (Pl.'s Mot. at 6.) Plaintiff bears the burden of establishing disability by informing the agency about or submitting all known evidence pertaining to whether he is disabled. 20 C.F.R. § 416.912(a)(1); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999), as amended on June 22, 1999 (A claimant "must present 'complete and detailed objective medical reports of her condition from licensed medical professionals.'"). The agency need only develop a claimant's complete medical history by making every reasonable effort to obtain a claimant's medical records from his medical sources once they are identified by sending out an initial request, and one follow-up request. 20 C.F.R. § 416.912(b)(1).

In opposition, the Government argues that the agency fulfilled its regulatory obligation by twice requesting information from Ms. Ayers, specifically the "Objective Clinical Findings" category of information, which includes office notes and psychological tests. (Def.'s Opp'n at 8; AR 480-81.) In response to these requests, Ms. Ayers only provided the December 2012, January 2013, and March 2015 letters. AR 482-85, 651-52. The Government further contends that Plaintiff merely speculates that relevant clinical notes exist, and that he did not avail himself of multiple opportunities to provide the notes to the Appeals Council or in connection with the instant motion for summary judgment. (Def.'s Opp'n at 8.) This point is well taken, as there is no indication that such treatment notes exist.

Moreover, an ALJ's duty to further develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the

9

evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001)). The mere fact that Plaintiff disagrees with how the ALJ ultimately weighed Ms. Ayers's opinion, in light of the other medical evidence, does not render the record inadequate or the evidence ambiguous. Thus, the Court finds that the ALJ was under no duty to further develop the record, as substantial evidence supported the decision that Plaintiff's impairments were not severe at step two. *Mayes,* 276 F.3d at 460.

Accordingly, the ALJ's failure to send additional notices to Ms. Ayers in an attempt to obtain her treatment notes or other medical evidence prior to discounting her opinion does not warrant remand for further proceedings.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED, Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: March 22, 2018

KANDIS A. WESTMORE
United States Magistrate Judge